BOOTH, Judge,
dissenting:
I respectfully dissent and would affirm the judgment of the trial court below, who, sitting as the finder of fact, entered the following order, in pertinent part, as follows:
Article IX of the Declaration of Covenants and Restrictions of Killearn Lakes states that the express intent and purpose of those covenants is to “protect, maintain, and enhance the natural environment.” In construing restrictive covenants, the entire text of the agreement is considered in the determination of the intention of the parties. Thompson v. Squibble, [Squibb] 183 So.2d 30 (1966).

In light of the foregoing authorities, this Court finds from the covenants as a whole an overwhelming intent of the parties to preserve the natural state of the Green Areas. Even the clause relied upon by Defendant as the authority for the construction of the proposed “Tot Lot” is tempered by a statement that those rights reserved in Section 2 are done “[Pjursuant to its overall program of wildlife conservation and nature study ...” As this Court stated in its previous order, adoption of Defendant’s proffered construction would lay waste to the stated purpose and terms of the remainder of Article IX. Therefore, this Court finds that, while Section 2 of Article IX gives Defendant the right to build certain structures, the proposed “Tot Lot” is not consistent with the terms and purposes of the Declaration of Covenants and Restrictions, and is therefore prohibited.
This Court, having received testimony and arguments of counsel, finds that irreparable harm will ensue if injunctive relief is not granted and that there is no adequate remedy at law.
The foregoing order is eminently correct that the intent of the parties controls the construction of the covenants and that clearing for a tot lot is inconsistent with the maintenance of green areas, which clearing will cause irreparable damage to the environment.